IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN TIOXON,<br><br>   Plaintiff,<br><br>vs.<br><br>CUSTOM AMERICA, INC.,<br><br>   Defendant. | Case No. 2:22-cv-04467-WB |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant CUSTOM AMERICA, INC., with its principal place of business located at 12 Creek Parkway, Suite 100, Boothwyn, PA 19061 ("Defendant"), by and through the undersigned counsel, hereby answers the Complaint of Plaintiff WARREN TIOXON ("Plaintiff"), in response to the separately numbered paragraphs thereof, as follows. All allegations of the Complaint not specifically admitted herein are denied.

**AS TO INTRODUCTION**

1. Defendant admits in part and denies in part the allegations of Paragraph 1 of the Complaint. Defendant admits that Plaintiff purports to assert claims against Defendant under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* Defendant denies the remainder of the allegations of Paragraph 1 of the Complaint.

2. Defendant admits in part and denies in part the allegations of Paragraph 2 of the Complaint. Defendant admits that Plaintiff is an adult and, upon information and belief, is a United States Citizen. However, Defendant currently lacks knowledge or information sufficient to form

a belief as to the truth or falsity of Plaintiff's allegation regarding his current address and, accordingly, Defendant denies this allegation and leaves Plaintiff to his proofs.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

## AS TO JURISDICTION AND VENUE

4. Defendant incorporates its answers to Paragraphs 1 through 3 of the Complaint as if set forth fully herein.

5. Defendant admits in part and denies in part the allegations of Paragraph 5 of the Complaint. Defendant admits that, on or about February 25, 2022, Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC"); that Plaintiff's EEOC Charge was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"); and that Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2022-02872. Plaintiff's allegation that he satisfied the requirements of 42 U.S.C. §§ 12117(a), 2000e-5(b) and (e) are legal conclusions to which no response is required. To the extent that a response is deemed necessary, Defendant denies liability and incorporates herein the other responses and defenses contained herein. Defendant denies the remainder of the allegations of Paragraph 5 of the Complaint.

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. The allegations contained in Paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies liability and incorporates herein the other responses and defenses contained herein.

8. The allegations contained in Paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies liability and incorporates herein the other responses and defenses contained herein.

9. The allegations contained in Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies liability and incorporates herein the other responses and defenses contained herein.

10. The allegations contained in Paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies liability and incorporates herein the other responses and defenses contained herein.

11. The allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies liability and incorporates herein the other responses and defenses contained herein.

12. The allegations contained in Paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies liability and incorporates herein the other responses and defenses contained herein.

**AS TO FACTS**

13. Defendant incorporates its answers to Paragraphs 1 through 12 of the Complaint as if set forth fully herein.

14. Defendant admits the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 of the Complaint and, accordingly, Defendant denies these allegations and leaves Plaintiff to his proofs.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 of the Complaint and, accordingly, Defendant denies these allegations and leaves Plaintiff to his proofs.

19. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19 of the Complaint and, accordingly, Defendant denies these allegations and leaves Plaintiff to his proofs.

20. Defendant currently lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20 of the Complaint and, accordingly, Defendant denies these allegations and leaves Plaintiff to his proofs.

21. Defendant admits in part and denies in part the allegations of Paragraph 21 of the Complaint. Defendant admits that, on or about July 18, 2021, Plaintiff notified Defendant's employee, Daniella Davis, that he had sustained certain injuries in a car accident and that he needed to access his short-term disability benefits. Defendant denies the remainder of the allegations of Paragraph 21 of the Complaint.

22. Defendant admits in part and denies in part the allegations of Paragraph 22 of the Complaint. Defendant admits that Plaintiff received an email from Eileen McFadden ("McFadden") subsequent to July 18, 2021, and Defendant refers Plaintiff to said email for its contents. Defendant denies the remainder of the allegations of Paragraph 22 of the Complaint.

23. Defendant admits in part and denies in part the allegations of Paragraph 23 of the Complaint. Plaintiff's allegation in this paragraph that Plaintiff's short-term disability claim was not processed "at this time" is vague and ambiguous, in that the term, "at this time," is undefined. Accordingly, Defendant denies the allegations of this paragraph except admits that Plaintiff's

claim for short-term disability insurance benefits was not immediately processed by the short term disability insurance carrier.

24. Defendant admits in part and denies in part the allegations of Paragraph 24 of the Complaint. Defendant admits that McFadden informed Plaintiff that Guardian Life Insurance of America ("Guardian") had all of the information needed to process Plaintiff's short-term disability claim but that there was a problem with Defendant's set-up in Guardian's system. Defendant denies the remainder of the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant admits in part and denies in part the allegations of Paragraph 30 of the Complaint. Defendant admits that other employees in Plaintiff's position were asked to travel to meet with clients. Defendant denies the remainder of the allegations of Paragraph 30 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant admits in part and denies in part the allegations of Paragraph 32 of the Complaint. Defendant admits only that Customer Service Representatives in Plaintiff's position were occasionally asked to field after hours calls to provide limited support (not full customer service support) for emergency situations only. Defendant denies the remainder of the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant admits in part and denies in part the allegations of Paragraph 35 of the Complaint. Defendant admits that Defendant's Operation Manager informed Plaintiff it did not receive documentation regarding Plaintiff's upcoming physical therapy schedule. Defendant denies the remainder of the allegations of Paragraph 35 of the Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

**AS TO COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION AND RETALIATION**

40. Defendant incorporates its answers to Paragraphs 1 through 39 of the Complaint as if set forth fully herein.

41. The allegations contained in Paragraph 41 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies liability and incorporates herein the other responses and defenses contained herein.

42. Defendant admits the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

Defendant denies the allegations of the "**WHEREFORE**" clause set forth as an unnumbered paragraph following Paragraph 48 of the Complaint (including subparagraphs A-F of said "**WHEREFORE**" clause), and Defendant denies that Plaintiff is entitled to any relief whatsoever.

**AS TO COUNT II**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951,** *ET SEQ.*
**DISCRIMINATION AND RETALIATION**

49. Defendant incorporates its answers to Paragraphs 1 through 48 of the Complaint as if set forth fully herein.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

Defendant denies the allegations of the "**WHEREFORE**" clause set forth as an unnumbered paragraph following Paragraph 56 of the Complaint (including subparagraphs A-F of said "**WHEREFORE**" clause), and Defendant denies that Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove. Defendant expressly reserves its right to assert

additional defenses may appear applicable in the course of discovery and other pretrial proceedings in this matter.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, or certain of them, are barred by the applicable statute or statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

All decisions made regarding Plaintiff's employment were made for legitimate and non-discriminatory and non-retaliatory reasons unrelated to Plaintiff's membership in any protected class and/or engaging in protected activity.

### FOURTH AFFIRMATIVE DEFENSE

None of the actions taken by Defendant with respect to Plaintiff were motivated by discriminatory or retaliatory or wrongful animus. Even if any actions of Defendant upon which any claims are based were motivated by any impermissible factors, which Defendant denies, the same actions would have been taken in the absence of any such impermissible motivating factors.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff did not have a disability within the meaning of the Americans with Disabilities Act ("ADA") or the Pennsylvania Human Relations Act ("PHRA").

### SIXTH AFFIRMATIVE DEFENSE

Even if Plaintiff had a disability within the meaning of the ADA or the PHRA, said disability did not substantially limit Plaintiff in one or more major life activities.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant was not aware of and did not regard Plaintiff as having a disability within the meaning of the ADA or PHRA.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff had a disability within the meaning of the ADA and/or PHRA, Plaintiff never requested from Defendant a reasonable accommodation for such a disability.

### .NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff had a disability within the meaning of the ADA and/or PHRA, and requested a reasonable accommodation from Defendant for such disability, Defendant engaged in the interactive process with Plaintiff in good faith and in an effort to accommodate Plaintiff's requests.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff had a disability within the meaning of the ADA and/or PHRA, and requested a reasonable accommodation from Defendant for such disability, Defendant offered Plaintiff reasonable accommodations, which Plaintiff unreasonably failed to accept.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff had a disability within the meaning of the ADA and/or PHRA, and requested a reasonable accommodation from Defendant for such disability, Plaintiff failed to engage with Defendant in good faith in the interactive process and/or was responsible for the breakdown in the interactive process.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff had a disability within the meaning of the ADA and/or PHRA, the sole accommodation Plaintiff requested that was not granted (a permanent work-from-home

position) was not a reasonable accommodation for his disability and/or would have imposed an undue hardship on Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to recover lost wages, that claim must fail or be reduced to the extent that Plaintiff was incapacitated and/or unable to work during any period, or received other income or benefits from any source.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein is barred in whole or in part to the extent that after-acquired evidence independently justified Plaintiff's termination.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the equitable doctrines of unclean hands, estoppel, release, laches and/or waiver.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory, emotional distress, punitive, and/or exemplary damages are not proper in this case because Plaintiff cannot show that Defendant intended to cause injury to Plaintiff or otherwise acted with reckless or wanton disregard for Plaintiff's rights.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Any award of compensatory, emotional distress, punitive, and/or exemplary damages would be in violation of the constitutional safeguards provided to Defendant under the Constitutions of the United States of America and/or the Commonwealth of Pennsylvania.

Defendant's Answer and Affirmative Defenses are based upon the specific allegations of the Complaint, and Defendant reserves the right to amend this Answer or add additional Affirmative Defenses if and when they become known.

**WHEREFORE**, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and judgment be entered in Defendant's favor, along with all costs, counsel fees, and any other relief the Court deems appropriate.

Respectfully submitted,

**K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi
600 N. King St., Suite 301
Wilmington, DE  19801
(302) 416-7080 (Phone)
(302) 416-7020 (Fax)
steven.caponi@klgates.com

Date:  January 10, 2023

*Attorneys for Defendant*
*CUSTOM AMERICA, INC.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN TIOXON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CUSTOM AMERICA, INC.,<br><br>　　　　　Defendant. | CIVIL ACTION<br><br>Case No. 2:22-cv-04467-WB |

### **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint to be served by the Court's electronic filing system upon the following:

> Erica E. Kane, Esq.
> Michael Murphy, Esq.
> **MURPHY LAW GROUP, LLC**
> Eight Penn Center, Suite 2000
> 1628 John F. Kennedy Blvd.
> Philadelphia, PA  19103
> *Attorneys for Plaintiff*
> *Warren Tioxon*

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**K&L GATES LLP**

　　　　　　　　　　　　　　　　　　*/s/ Steven L. Caponi*
　　　　　　　　　　　　　　　　　　Steven L. Caponi
　　　　　　　　　　　　　　　　　　600 N. King St., Suite 301
　　　　　　　　　　　　　　　　　　Wilmington, DE  19801
　　　　　　　　　　　　　　　　　　(302) 416-7080 (Phone)
　　　　　　　　　　　　　　　　　　(302) 416-7020 (Fax)
　　　　　　　　　　　　　　　　　　steven.caponi@klgates.com

Date:  January 10, 2023　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　*CUSTOM AMERICA, INC.*